IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02872-GPG

ELMER LEE CROSS, JR.,

    Plaintiff,

v.

CITY OF DENVER,
COUNTY OF DENVER,
CHIEF DISTRICT ATTORNEY MITCHELL R. MORRISEY, Reg. # 13784,
PUBLIC DEFENDER NICOLAS WEBBER, and
PUBLIC DEFENDER ALICE NORMAN,

    Defendants.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Elmer J. Cross, Jr., currently resides in Denver, Colorado. When he initiated this action on October 21, 2014 by submitting *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, he was an inmate detained at the Denver County Jail. He has been granted leave to proceed pursuant to § 1915.

    On October 22, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order (ECF No. 8) directing Mr. Cross to show cause why the Complaint and the action should not be dismissed as repetitive of his recently filed case, *Cross v. Denver Sheriff's Dept., et al.,* Civil Action No. 14-cv-02793-BNB (D. Colo. Oct. 10, 2014). In the October 22 Order, Magistrate Judge Boland noted that in 14-cv-02793-BNB, Mr. Cross filed a Prisoner Complaint against Denver Sheriff's Dept. (working for an unknown Federal Agency(s)), Sheriff's Deputy Stevens, and Denver Health for money damages and injunctive relief pursuant to 42 U.S.C. § 1983. In the complaint,

Mr. Cross generally alleges that while he is detained at the Denver County Jail, Defendants are "lacing" his medications with "poison" and "various chemical compounds" and are spreading the poison and chemicals on his linens and jumpsuits. He asserts that the chemicals cause him to suffer from severe migraine headaches; severe pain in his jaw, left arm, and shoulder; dizziness; rashes; and flat spots on his skull.  He alleges that Defendant Denver Health is a willing participant in the "mass subversion / harassment / isolating / ostracizing" by the federal government and police. He also makes various similar assertions against state and federal officials in San Francisco, Sante Fe, and Albuquerque that allegedly occurred over the past seven years.  On the basis of these allegations, Mr. Cross asserts two claims against prison officials for cruel and unusual punishment and one claim against Denver Health for "willful malpractice and psychological and emotional abuse (intentional)."

In the October 22 Order, Magistrate Judge Boland continued, noting that Mr. Cross makes similar allegations against the City and County of Denver seeking the same relief in the instant action.  For example, Mr. Cross alleges that Defendants are participating in the "evil, diabolical campaign against [Mr. Cross]" involving the "lacing" of his medications with "poison" and "various chemical compounds" while he is detained in the Denver County Jail.  He further asserts that because Defendants work for the City and County of Denver and the City and County Denver oversees the Sheriff's Department, police department, and county jail, they are "directly involved and willingly participating in the mass, widespread cover-up."  On the basis of these allegations, Mr. Cross asserts one claim against Defendants for "intentional, willing participation/complicity in cover-up of cruel and unusual punishment (lacing / poisoning / harassment / aggitation [sic] / defaming by City and County of Denver."  Magistrate

Judge Boland, thus, ordered Mr. Cross to show cause why the Complaint and the action should not be dismissed as repetitive of No. 14-cv-02793-BNB.  He warned Mr. Cross that failure to show cause within the time allowed would result in dismissal of the instant action as repetitive of No. 14-cv-02793-BNB.

After being granted two extensions of time, Plaintiff's third request for an extension of time was granted, which allowed Plaintiff up to and including February 10, 2015 to comply with the Court's October 22 Order by filing a response to the order to show cause.  (*See* ECF No. 43).  Plaintiff now has failed to comply with the January 7, 2015 minute order and the October 22, 2014 order to show cause within the time allowed.  The Court finds that Magistrate Judge Boland correctly required Plaintiff to show cause why the instant action was not repetitive of No. 14-cv-02793-BNB.  The Court, therefore, will dismiss the action for failure to comply with Court orders and failure to prosecute.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma paupers* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to respond to the Court's order to show cause and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pampers* on appeal is denied.  It is

4

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  20th  day of    February   , 2015.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court